# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN McCLELLAND & ASSOCIATES, INC., ) ) Plaintiff, ) ) v. ) ) MEDICAL ACTION INDUSTRIES, INC., ) ) Defendant. ) ) | CIVIL ACTION No. 04-2545-CM |

## MEMORANDUM AND ORDER

Plaintiff John McClelland & Associates, Inc., a former independent sales representative for defendant Medical Action Industries, Inc., brings this action for breach of oral contract, unjust enrichment, and quantum meruit. This matter is before the court on defendant's Motion to Strike Plaintiff's Designation of Frank McKinney as an Expert Witness (Doc. 36).

## I. FACTUAL BACKGROUND

On December 2, 2004, the court set the original scheduling deadlines in this case (Doc. 10). Plaintiff's Rule 26(a)(2) expert disclosure deadline was February 28, 2005; defendant's deadline was March 31, 2005. The deadline for rebuttal experts was April 15, 2005. The Scheduling Order explicitly states that expert reports are to be included in the expert disclosures. The disclosures were to be supplemented no later than forty days before the close of all discovery in order to

> put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires.

Scheduling Order p. 6 (Doc. 10). All discovery was to be completed by May 2, 2005.

The parties jointly requested two discovery extensions, neither of which included an extension for expert disclosures. When granting the first extension, the court explicitly stated that "[a]ll other provisions of the original Scheduling Order shall remain in effect" and shall not be modified without leave of court (Doc. 22). Pursuant to the requested extensions, the deadline for all discovery was extended to August 31, 2005. At some point, the parties informally agreed to take several fact-witness depositions after the August 31, 2005 discovery deadline. Plaintiff served its Rule 26(a)(2) expert disclosures on August 11, 2005, but did not include the expert's report. Defendant received plaintiff's expert report less than two weeks before the August 31, 2005 discovery deadline. Defendant filed this motion on September 1, 2005. Then, on September 22, 2005, the court extended the discovery deadline to October 1, 2005.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a)(2), the parties must disclose the identity of their expert witnesses and the expert's written report "at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2). The purpose of Rule 26(a)(2) is to ensure opposing parties have a reasonable opportunity to prepare an effective cross examination and, if needed, retain their own expert. *See Miller v. Prairie Ctr. Muffler, Inc.*, No. 03-2424-DJW, 2004 WL 2821220, at *1 (D. Kan. Nov. 16, 2004). A party "who 'without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.'" *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001) (citing Fed. R. Civ. P. 37(c)(1)). As the party who failed to make the required expert

disclosure, plaintiff bears the burden to establish that the untimely disclosure was substantially justified; if plaintiff fails to meet its burden, it must established that its untimely disclosure was harmless to defendant. *See id.* A party's failure to disclose is "harmless when there is 'no prejudice to the party entitled to the disclosure.'" *Id.* (citation omitted). Before excluding expert testimony under Rule 26, the court must consider the following factors:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness, if any.

*Id.* (*citing Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

### III.   DISCUSSION

Defendant contends plaintiff's expert witness, Frank McKinney, should not be allowed to testify at trial because plaintiff's expert-witness designation was untimely and, alternatively, Mr. McKinney does not qualify as an expert under the Federal Rules of Evidence.

Relying on Fed. R. Civ. P. 26(a)(2)(C), and the misconception that the court did not specify expert deadlines, plaintiff contends that its expert deadline is ninety days before trial. In the alternative, but still relying on the same misconception, plaintiff argues that its expert disclosure is timely because the expert report was tendered before the August 31, 2005 discovery deadline. The court disagrees.

The Scheduling Order (Doc. 10) clearly sets out the expert deadlines. When requesting discovery extensions, plaintiff did not request an extension of the expert deadlines. Further, the court expressly stated that, with the exception of the deadlines specifically extended, all of the original scheduling deadlines remain the same. Thus, plaintiff's expert disclosure and report were due on February 28, 2005. The court finds

that plaintiff's August 11, 2005 expert disclosure was untimely.

The court must next consider whether plaintiff's untimely disclosure was substantially justified. Plaintiff argues its untimely disclosure was justified because fact discovery was not complete at the time its expert disclosures were due. And, according to plaintiff, Mr. McKinney could not prepare his report until he reviewed the fact-witnesses' depositions, specifically those taken on July 21, July 27, and August 5, 2005. This, however, does not explain plaintiff's failure to request an extension of time to disclose its expert. Instead of requesting an extension of time, which would have notified defendant of plaintiff's intentions, plaintiff waited almost six months after its deadline before disclosing its expert. The court finds that plaintiff's untimely disclosure is not substantially justified.

Because plaintiff's untimely disclosure is not substantially justified, plaintiff must show that its untimeliness does not harm defendant. Defendant contends that plaintiff's failure to comply with the disclosure requirements severely prejudices defendant because (1) the late designation precludes defendant from retaining an expert to counter Mr. McKinney's opinions; (2) defendant did not have time to depose Mr. McKinney before the close of discovery; and (3) defendant conducted months of fact discovery believing that plaintiff intended to testify regarding the issues it has now designated for Mr. McKinney, which affected defendant's strategic decisions.

Plaintiff argues that any harm to defendant is of defendant's own making because (1) plaintiff made Mr. McKinney available for deposition; (2) several fact-witness depositions were taken outside of the discovery deadline; and (3) defendant knew the procuring cause doctrine, the subject of the Mr. McKinney's testimony, was an issue because it was alleged in the Complaint. The court does not agree. First, making an untimely-disclosed expert available for deposition does not cure the prejudice the opposing

-4-

party suffers due to the untimely disclosure. Even if defendant had deposed Mr. McKinney in early September, plaintiff was still deprived of adequate time to locate its own expert, even under the amended scheduling orders. Second, the parties' agreement to take several fact-witness depositions after the August 31, 2005 discovery deadline did not extend expert discovery or give defendant notice that plaintiff would be disclosing an expert six months late. Third, just because defendant knew the procuring cause doctrine was at issue does not mean defendant knew plaintiff would be presenting expert testimony on the issue. The court finds that defendant has been harmed by plaintiff's failure to follow the court's Scheduling Order and the Federal Rules of Civil Procedure.

The record does not indicate that plaintiff was acting in bad faith, but defendant will be prejudiced if plaintiff is allowed to present the expert testimony of Mr. McKinney. Defendant did not have time, under the governing Scheduling Order, to obtain an expert. And defendant cannot find an expert now; discovery is closed, and the parties are scheduled for trial. Allowing the expert testimony would require reopening discovery and disrupt the trial schedule.

## IV.    CONCLUSION

The court finds that plaintiff's untimely disclosure is not substantially justified and will cause harm to defendant; therefore, plaintiff's expert is stricken from the record. The court further finds that defendant's alternative argument regarding the Mr. McKinney's qualifications is moot. After considering all of the evidence of record and the positions of the parties, the court grants defendant's motion to strike plaintiff's expert, Mr. McKinney.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Strike Plaintiff's Designation of Frank McKinney as an Expert Witness (Doc. 36) is granted.

Dated this 21st day of July 2006, at Kansas City, Kansas.

                **s/ Carlos Murguia**
                **CARLOS MURGUIA**
                **United States District Judge**