## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN McCLELLAND & ASSOCIATES, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 04-2545-CM |
| MEDICAL ACTION INDUSTRIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff John McClelland & Associates, Inc., a former independent sales representative for defendant Medical Action Industries, Inc., brings this action for breach of oral contract, unjust enrichment, and quantum meruit for post-termination commission sales. This matter is before the court on defendant's Motion to Compel Plaintiff John McClelland & Associates, Inc. to Supplement Responses 2, 3 and 11 of its Response to Defendant's First Request for Production of Documents (Doc. 77).

## I.    FACTUAL BACKGROUND

Defendant served its First Request for Production of Documents in January 2005. Plaintiff responded in March 2005. The following are defendant's requests and plaintiff's responses to the relevant document requests, Request Nos. 2, 3, and 11:

> *Request No. 2.* All documents, including but not limited to correspondence, contracts, W-2 Forms, Form 1099s, income tax returns, and pay check stubs, that contain information pertaining to any income that you earned or compensation you received from any source from January 1, 2002 through the date of your answers to these Requests.
> *Plaintiff's Response*: JMA objects to this Documents Request No. 2

as it is overly broad, unduly burdensome and oppressive, and seeks documents which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the general and specific objections made above, JMA will produce documents in its possession pertaining to any income earned or compensation received from MAI from January 1, 2002 to present.

*Request No. 3.* All documents which relate to or reflect any efforts you made to obtain contracts and/or the right to serve as an independent sales distributor/representative for manufacturer's/distributor's products at any time from January 1, 2004 through the date of your answers to these Requests. This should include but is not limited to letters of application, resumes, proposals, calendars or notes concerning interviews, newspaper clippings, rejection letters, offer letters, job applications, proposals, and any other documents related to any oral/written/implied contracts you may have entered into with manufacturers/distributors.

*Plaintiff's Response*: JMA objects to this Document Request No. 3 as it is overly broad, unduly burdensome and oppressive, and seeks documents which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the general and specific objections made above, JMA will produce documents relating to or reflecting efforts made to obtain contracts and/or the right to serve as an independent sales representative from January 1, 2004 to present.

*Request No. 11.* All of JMA's balance sheets and financial statements for the years 2002 to present.

*Plaintiff's Response*: JMA objects to this Document Request No. 11 as it is overly broad, unduly burdensome and oppressive, and seeks documents which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the general and specific objections made above, JMA will produce those portions of its balance sheets and financial statements relating to sales made on behalf of MAI from 2002 to present.

Although plaintiff asserted objections to the requests and stated that it would only produce documents from defendant, not from other sources, plaintiff produced documents from all sources. Because defendant received the documents it requested, it did not file a motion to compel or take issue with plaintiff's

-2-

objections.  Plaintiff has not supplemented its responses.

In August 2006, defendant requested that plaintiff supplement the responses to certain document requests—requests relating to plaintiff's income earned, sales efforts, and financial statements—with documents from March 2005 to the present.  In response, plaintiff stated that it had no duty to supplement its earlier responses and that it would not supplement its document production.  Believing it is entitled to an updated response to its document request, defendant filed this motion asking the court to compel plaintiff to supplement Request for Document Nos. 2, 3, and 11 with documents from March 2005 to the present. Plaintiff argues it is not required to supplement its responses because defendant's motion to compel is untimely, the request only sought documents through the date of the original responses, and its mitigation defense—to which the requested supplement relates—is without merit.

Plaintiff  argues that defendant's motion to compel is untimely because is was filed more than a year after the discovery responses were served.  Under this court's rules, a party must file a motion to compel within thirty days of the default or service of the objection that is the subject of the motion.  D. Kan. Rule 37.1(b).  Although defendant's time to object to plaintiff's original responses has expired, its time to object to plaintiff's failure to supplement its responses as required by the Federal Rules of Civil Procedure has not expired.  Plaintiff first refused to supplement its responses in September 2006.  Defendant filed this motion to compel within thirty days of plaintiff's refusal.  Accordingly, the court finds that defendant's motion is timely.

The court next considers whether plaintiff has an obligation to supplement its responses.  During discovery, parties are not required to continually request information from the opposing party.  Instead, the burden is on the opposing party to supplement its responses.  "A party is under a duty seasonably to amend

a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

Although defendant's requests for documents stated that defendant was to produce documents "through the date of your answers to these Requests" or "to present," the requests were clearly structured to gather documents relating to defendant's mitigation defense. Responses through March 2005 will not provide defendant with the information requested. "A party may not free itself of the burden to fully comply with the rules of discovery by attempting to place a heretofore unrecognized duty of repeated requests for information on its adversary." *Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y. 1995) (holding a party had a duty to supplement documents produced pursuant to a medical authorization). Defendant's requests seek financial information relevant to the litigation, which includes documents from March 2005 through the resolution of this matter. Despite plaintiff's argument that the mitigation defense is invalid, the court finds that the requests seek information that is relevant to defendant's defenses and is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Plaintiff's written response limiting the production to documents from defendant only, as opposed to other sources, does not eliminate plaintiff's obligation to supplement. The objection may have been valid when plaintiff served its original responses, but plaintiff waived the objection by actually producing documents from all sources because it deterred defendant from filing a motion to compel; defendant had no reason to file a motion to compel because it received the documents it requested. Plaintiff must, therefore, produce any additional responsive documents from all sources. Any additional documents in plaintiff's

possession that fall within these categories must be produced.  If plaintiff has additional responsive documents in its possession that it has not produced, it must provide the documents to defendant within ten days of this order.

**IT IS THEREFORE ORDERED** that defendant's Motion to Compel Plaintiff John McClelland & Associates, Inc. to Supplement Responses 2, 3 and 11 of its Response to Defendant's First Request for Production of Documents (Doc. 77)  is granted.  Plaintiff must provide defendant with all documents in its possession, that have not been previously produced, pertaining to (1) any income earned or compensation received after January 1, 2002; (2) efforts made to obtain contracts and/or the right to serve as an independent sales representative after January 1, 2004; and (3) those portions of its balance sheets and financial statements relating to sales made since January 2002.

**IT IS FURTHER ORDERED** that plaintiff shall serve supplemental responses to defendant's Requests for Documents Nos. 2, 3, and 11 within ten days of this order.

Dated this   13th    day of November 2006, at Kansas City, Kansas.

 s/Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**