**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN McCLELLAND & ASSOCIATES, INC.,** ) ) ) **Plaintiff,** ) ) ) **v.** ) ) ) **MEDICAL ACTION INDUSTRIES, INC.,** ) ) **Defendant.** ) ) | **CIVIL ACTION** **No. 04-2545-CM** |

## MEMORANDUM AND ORDER

Plaintiff John McClelland & Associates, Inc., a former independent sales representative for defendant Medical Action Industries, Inc., brings this action for breach of oral contract, unjust enrichment, and quantum meruit. This matter is before the court on plaintiff's Motion to Reconsider the Court's July 21, 2006 Order or, in the Alternative, to Strike Designation of Robert Wolf (Doc. 71).

**I.    FACTUAL BACKGROUND**

In its original motion to strike plaintiff's expert witness, Frank McKinney, defendant argued that Mr. McKinney should not be allowed to testify at trial because (1) plaintiff's expert-witness designation was untimely and, alternatively, (2) Mr. McKinney does not qualify as an expert under the Federal Rules of Evidence. In its July 21, 2006 Memorandum and Order, the court found that plaintiff's expert disclosure was untimely and that plaintiff's untimely disclosure was not substantially justified and would cause harm to defendant. The court did not consider defendant's alternative argument regarding Mr. McKinney's expert qualifications in its July order.

**II.    LEGAL STANDARD**

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505.

## III.   DISCUSSION

In support of its motion to reconsider, plaintiff argues that there has been a change in the underlying circumstances since the filing of the Motion to Strike and that plaintiff will face manifest injustice if the court excludes Mr. McKinney as an expert witness. Defendant contends that there are no changed circumstances that warrant reversal of the court's July order and that the prejudice to defendant if Mr. McKinney testifies outweighs any injustice to plaintiff. Alternatively, defendant argues that the court should exclude Mr. McKinney's testimony because it does not meet the standards set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137 (1999).

Under the Federal Rules of Civil Procedure, a party "who 'without substantial justification,

fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.'" *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001) (citing Fed. R. Civ. P. 37(c)(1)).  When determining that plaintiff's failure to disclose Mr. McKinney prejudiced defendant, the court considered the following factors:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness, if any.

*Burton*, 203 F.R.D. at 639 (D. Kan. 2001) (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999).  Although the court determined that plaintiff was not acting in bad faith, it recognized that curing the prejudice would be harmful to defendant because it would require reopening discovery and postponing the trial.  Since the court's July order, the trial has been rescheduled for December 2006.  Additionally, it appears that defendant has witnesses prepared to opine on whether lifetime commissions are usually paid in the healthcare-products industry, which is the subject of Mr. McKinney's testimony.  The underlying circumstances since the filing of the Motion to Strike have changed.  Limited expert discovery can eliminate the prejudice to defendant.  Additionally, because defendant has witnesses prepared to testify about commissions in the healthcare-products industry, plaintiff may face manifest injustice if the court excludes Mr. McKinney as an expert witness on issues on which he is qualified to testify.

Because the court has reconsidered its decision to strike Mr. McKinney as an expert witness, the court will consider defendant's alternative argument regarding the qualification of Mr. McKinney as an expert witness.  Defendant alleges that Mr. McKinney's proffered expert testimony is (1) not scientific and (2) irrelevant because it is outside the purview of an expert witness.  Rule

702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  Under this rule, the court examines whether the expert is initially qualified to give the opinion proposed and whether the opinion expressed meets the requirements of *Daubert*, in that it "rests on a reliable foundation and is relevant to the task at hand."  *Daubert,* 509 U.S. at 591.  This evaluation, commonly referred to as the court's "gatekeeping" function, extends not only to scientific testimony, but also to technical and other specialized testimony.  *See Kumho Tire Co., Ltd.,* 526 U.S. at 141.

To determine reliability, the court may use the flexible *Daubert* test, which includes the following factors: "(1) whether the proffered technique can and has been tested; (2) whether the technique or theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a technique in the relevant community."  *Sawyer v. S.W. Airlines Co.,* 243 F. Supp. 2d 1257, 1266 (D. Kan. 2003) (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 149).  The court may also consider other relevant factors, including an expert's qualifications, in determining reliability.  *Id.* (citations omitted).

To determine relevancy, the court considers whether the expert's testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  The court should admit testimony that is "[so] sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."  *Daubert*, 509 U.S. at 591 (quotation omitted).  An expert may not, however, invade the province of the jury.

The court first considers whether Mr. McKinney's proffered expert testimony is reliable. Defendant argues that the court must exclude Mr. McKinney's testimony because it is not based on scientific methods. The court, however, need not evaluate reliability based solely on the four *Daubert* factors; it may evaluate reliability based on the expert's "knowledge and experience [in] his discipline." *Kumho Tire Co., Ltd.*, 526 U.S. at 148.

Mr. McKinney has eighteen years experience in the healthcare-products industry. He has directed and initiated worldwide sales through distributors, dealers, Group Purchasing Organizations and Integrated Delivery Networks; managed direct/company and independent sales representatives; and worked as a sales growth consultant for a large health care distributor. Mr. McKinney was retained to offer his opinion "regarding the customs and practices in the healthcare products industry, primarily regarding the compensation of independent sales representatives serving in the industry . . . ." (Expert Report at 3.) The court finds that Mr. McKinney's testimony regarding the customs and practices in the healthcare-products industry is reliable based upon his personal knowledge and experience. The court further finds that other aspects of Mr. McKinney's proffered testimony are not reliable. Mr. McKinney is not qualified to opine on the parties' written agreements, the understanding and expectations of the parties, or the effect of plaintiff's sales efforts on defendant's past, present or current sales.

The court next considers whether Mr. McKinney's proffered expert testimony is relevant. The court must consider whether Mr. McKinney's testimony would "assist the trier of fact to understand the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702. Defendant argues that Mr. McKinney's proffered testimony is irrelevant because it is outside the purview of an expert witness and draws legal conclusions.

It is not likely that Mr. McKinney's testimony regarding the customs and practices in the

-5-

healthcare-products industry would be within the knowledge of a layman; and thus, the court finds that Mr. McKinney's testimony regarding common practices in the industry would be useful to the trier of fact in understanding the evidence. But the other aspects of his proffered expert testimony are factual and legal conclusions that invade the province of the jury. The court finds that Mr. McKinney's proffered testimony regarding the parties' written agreements, the understanding and expectations of the parties, and the effect of plaintiff's sales efforts on defendant's past, present or current sales would not be useful to the trier of fact.

Accordingly, the court finds that Mr. McKinney's proffered expert testimony regarding the customs and practices in the healthcare-products industry, primarily regarding the compensation of independent sales representatives serving in the industry, are reliable and relevant. But he may opine only as to the customs and practices in the healthcare-products industry.

If plaintiff intends to present Mr. McKinney's proffered testimony at trial, it must make him available for deposition within 6 days of this order.

Plaintiff's alternative request that the court strike the designation of Robert Wolf is denied as moot.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reconsider the Court's July 21, 2006 Order or, in the Alternative, to Strike Designation of Robert Wolf (Doc. 36) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff must make Mr. McKinney available for deposition within 6 days of this order if his testimony will be offered at trial.

Dated this 15th day of November 2006, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**