## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN McCLELLAND & ASSOCIATES,    )
INC.,                            )
                                 )
               Plaintiff,        )
                                 )          CIVIL ACTION
v.                               )
                                 )          No. 04-2545-CM
                                 )
MEDICAL ACTION INDUSTRIES, INC., )
                                 )
               Defendant.        )
                                 )

## MEMORANDUM AND ORDER

Plaintiff John McClelland & Associates, Inc., a former independent sales representative for

defendant Medical Action Industries, Inc., brings this action for breach of oral contract, unjust

enrichment, and quantum meruit.  Defendant previously filed a motion to exclude the proffered

testimony of plaintiff's expert, Frank McKinney, arguing that the testimony is (1) unscientific and

(2) outside the purview of an expert witness.  The court originally granted defendant's motion to

strike Mr. Kinney's expert testimony because plaintiff's designation of Mr. McKinney was

untimely.  The court, however, reconsidered its decision and found that Mr. McKinney's proffered

expert testimony was admissible.  But the court limited Mr. McKinney's expert testimony to the

customs and practices in the healthcare-products industry.  The court ordered plaintiff to make Mr.

McKinney available for deposition, allowed defendant to designate an expert, and set a deadline for

expert motions.

This matter is before the court on the parties' expert motions: Defendant Medical Action

Industries Inc.'s Motion to Exclude Plaintiff's Expert Testimony (Doc. 99); Plaintiff's Motion to Bar

Testimony of Don E. Smith (Doc. 100); and Plaintiff's Motion to Strike MAI's Motion to Exclude

Expert Testimony (Doc. 105).

## I.      Legal Standard

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  Under this rule, the court examines whether the expert is initially qualified to give the opinion proposed and whether the opinion expressed meets the requirements of *Daubert* v. *Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), in that it "rests on a reliable foundation and is relevant to the task at hand."  509 U.S. at 597.  This evaluation, commonly referred to as the court's "gatekeeping" function, extends not only to scientific testimony, but also to technical and other specialized testimony.  *See Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137, 141 (1999).

To determine reliability, the court may use the flexible *Daubert* test, which includes the following factors: "(1) whether the proffered technique can and has been tested; (2) whether the technique or theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a technique in the relevant community."  *Sawyer v. S.W. Airlines Co.*, 243 F. Supp. 2d 1257, 1266 (D. Kan. 2003) (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 149).  The court may also consider other relevant factors, including an expert's qualifications, in determining reliability.  *Id.* (citations omitted).

To determine relevancy, the court considers whether the expert's testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  The court

should admit testimony that is "[so] sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591 (quotation omitted).  But expert testimony may not invade the province of the jury.  The party offering the expert testimony must establish its admissibility by a preponderance of the evidence.  *See Windham v. Circuit City Stores, Inc*., 420 F. Supp. 2d 1206, 1211 (D. Kan. 2006) (citing *Bourjaily v. United States*, 483 U.S. 171 (1987); *Daubert*, 509 U.S. at 592 n.10).

## II.     Discussion

### A.          *Mr. McKinney's Expert Testimony*

Plaintiff asks the court to strike defendant's motion because the court previously held that Mr. McKinney's testimony about customs in the healthcare-products industry is admissible.  But when the court reconsidered its order and allowed Mr. McKinney to testify, it also allowed the parties to conduct additional expert discovery and file expert motions after the additional discovery.  For these reasons, the court denies plaintiff's motion to strike.

In its second motion to exclude Mr. McKinney's expert testimony, defendant argues that (1) Mr. McKinney has no knowledge of the customs and practices regarding commission payments on post-termination sales in the absence of a written contract; (2) his testimony cannot be used under Kansas law to prove the existence of a contract term; and (3) his testimony is irrelevant to the non-contract claims.  In its November 15, 2006 Memorandum and Order, the court found that Mr. McKinney's testimony "regarding the compensation of independent sales representatives serving in the industry, [is] reliable and relevant."  Mem. & Ord. at 6.  Defendant's new argument that Mr. McKinney's testimony is unreliable because he lacks experience with commission payments on post-termination sales where there is no written contract does not change the court's previous ruling.  The parties dispute whether or not a written contract controls their agreement.  In either event, Mr.

McKinney's testimony is reliable because it is based on his experience with post-termination commissions in the healthcare-product industry.  His experience, or lack thereof, with situations in which there is no written agreement for post-termination sales commissions affects the weight of his credibility, not the admissibility of his testimony.

Defendant also argues that Kansas law prohibits evidence regarding industry custom from being used to prove the existence of an implied contract term.  But the Kansas Supreme Court has held that evidence of an industry custom is relevant "as an aid to construction of a contract otherwise in doubt, or as a basis for reading into the contract an implied provision beyond the expressed terms." *Shepard v. U. S. Fid. & Guar.*, 504 P.2d 228, 229 (Kan. 1972).  And it can be used "to supply necessary matters upon which the contract itself is silent[] and generally to elucidate the intention of the parties when the meaning of the contract cannot be clearly ascertained from the language employed."  *Davis v. Key Gas Corp.*, 124 P.3d 96, 104 (Kan. Ct. App. 2005) (quoting *Branner v. Crooks*, 635 P.2d 1265, 1268 (Kan. Ct. App. 1981)).  Here, the parties agree that they had a contract under which plaintiff served as an independent sales representative for defendant, but they dispute the commission terms.  Mr. McKinney's testimony about the customs and practices in the healthcare-products industry may clarify the parties' intent with respect to the commission terms.  Kansas law does not prohibit Mr. McKinney's testimony.  The court finds that Mr. McKinney's testimony is admissible as limited by the court's November 15, 2006 order.

Defendant's final argument is that Mr. McKinney's testimony is irrelevant to the unjust enrichment and procuring cause claims.  The court has already determined that Mr. McKinney's testimony is admissible, thus, this argument is moot at this stage of the litigation.  For the above-mentioned reasons, the court denies defendant's motion to exclude Mr. McKinney's testimony.

**B.** **Mr. Smith's Expert Testimony**

Plaintiff seeks to exclude the proffered testimony of defendant's expert, Mr. Don E. Smith. Mr. Smith is expected to offer opinions regarding the following five areas: (1) the customary practice for commissions on post-termination sales for independent manufacturers' representatives in the healthcare-products industry; (2) whether such customary practice is impacted by a representative who pioneers a line; (3) the business reasons, if any, a manufacturer would not provide multi-year commissions on post-termination sales to its representatives; (4) a rebuttal to Mr. McKinney's opinions regarding JMA's right to commissions on post-termination sales; and (5) whether certain commissions should be excluded from any award of commissions on post-termination sales. Plaintiff moves the court to exclude Mr. Smith's testimony on the grounds that (1) he is not qualified to opine on matters relating to the healthcare-products industry because he lacks experience with the industry; and (2) some of his opinions are irrelevant to the disputed issues.

The court will first consider the reliability of Mr. Smith's testimony. Mr. Smith has over fifteen years of experience in marketing and sales consulting and training with a specialty in products sold through independent representatives. He developed and taught a seminar on managing distributor sales networks. Through his seminar, he was exposed to the inner workings and problems of independent sales representative programs in a variety of industries, including the healthcare-products industry. He has worked with at least six companies in the healthcare market. While his limited experience with healthcare products may affect his credibility, it does not render his testimony inadmissible. The court finds that Mr. Smith's proffered testimony regarding industry custom and post-termination sales commissions is reliable based upon his personal knowledge and experience. But the court finds that his testimony regarding whether plaintiff procured sales after his termination is unreliable. Mr. Smith has no personal experience with the parties in this litigation, their customers, or plaintiff's sales. His testimony regarding whether certain post-termination sales

should be excluded if plaintiff is awarded post-termination commissions is limited to his knowledge of the industry customs.  He may not opine as to whether plaintiff procured certain sales after his termination.

The court next considers the relevancy of Mr. Smith's expert testimony.  In so doing, the court must consider whether Mr. Smith's testimony would "assist the trier of fact to understand the evidence or to determine a fact in issue."  *See* Fed. R. Evid. 702.  Plaintiff argues that Mr. Smith's opinions regarding why a manufacturer would not provide commissions on post-termination sales are abstract and irrelevant.  The court disagrees.  The testimony relates to the industry custom of post-termination sales commissions and is relevant to the parties' intent with respect to the commission terms, and thus, it will assist the trier of fact.

Plaintiff also argues that Mr. Smith's rebuttal testimony improperly attacks Mr. McKinney's credibility.  After reviewing the proffered opinions, the court finds that the opinions assessing or critiquing Mr. McKinney's substantive testimony are relevant, but the opinions attacking Mr. McKinney's credibility are not.  "The credibility of witness testimony is a matter left to the jury and generally is not an appropriate subject for expert testimony."  *See Wilson v. Muckala*, 303 F.3d 1207, 1218 (10th Cir. 2002) (citing *United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001)).  Mr. Smith may testify about whether Mr. McKinney's understanding of the customary practice is correct and how his understanding of the industry customs differs from Mr. McKinney.  He may not, however, offer opinions referring to Mr. McKinney's opinions as "ridiculous" or attacking the factual support of Mr. McKinney's opinions.  These opinions do not assist the trier of fact.  Mr. Smith's expert opinion "is admissible up to the point where an expression of opinion would require [him] to pass upon the weight or credibility of the evidence."  *Frase v. Henry*, 444 F.2d 1228, 1231 (10th Cir. 1971).

The court has considered all of the arguments presented by the parties, although they are not all discussed here.  Some of the arguments are irrelevant to the issues raised in these motions.  Others have been rendered moot by the court's decision here.

**IT IS THEREFORE ORDERED** that Defendant Medical Action Industries Inc.'s Motion to Exclude Plaintiff's Expert Testimony (Doc. 99) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Bar Testimony of Don E. Smith (Doc. 100) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike MAI's Motion to Exclude Expert Testimony (Doc. 105) is denied.

Dated this 23rd day of April 2007, at Kansas City, Kansas**.**

**s/ Carlos Murguia**

**CARLOS MURGUIA**
**United States District Judge**