# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN McCLELLAND & ASSOCIATES, INC., ) ) Plaintiff, ) ) v. ) ) MEDICAL ACTION INDUSTRIES, INC., ) ) Defendant. ) ) | CIVIL ACTION No. 04-2545-CM |

## MEMORANDUM AND ORDER

Plaintiff John McClelland & Associates, Inc., a former independent sales representative for defendant Medical Action Industries, Inc., brings this action for breach of oral contract, unjust enrichment, and quantum meruit. The trial in this case has been rescheduled several times. It is currently set for November 26, 2007. This matter is before the court on Plaintiff's Motion to Bar Richard Satin from Testifying at Trial or, in the Alterative, to Compel Deposition (Doc. 186).

This is plaintiff's second motion requesting that the court bar Mr. Satin from testifying at trial. In its first motion, plaintiff argued that Mr. Satin's trial testimony would unfairly surprise plaintiff because defense counsel had previously represented to plaintiff's counsel that Mr. Satin would not be a witness at trial. On June 15, 2007, the court denied plaintiff's motion, holding that plaintiff knew Mr. Satin was a potential witness because defendant attached Mr. Satin's affidavit to its reply brief in support of its motion for summary judgment in November 2005 and listed Mr. Satin on its Final Witness and Exhibit List filed on November 13, 2006. The court's ruling that Mr. Satin could testify was made at the motion in limine hearing, three days prior to the then-scheduled trial. Plaintiff did not request to depose Mr. Satin because there was no time for his deposition before

trial. After the trial was postponed to November, plaintiff's counsel asked defense counsel to produce Mr. Satin for deposition. Defendant's counsel refused on the sole basis that discovery was closed. Plaintiff now requests that the court bar Mr. Satin from testifying because defendant refuses to produce him for deposition or, in the alternative, compel his deposition.

The decision to reopen discovery is within the sound discretion of the trial court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). When considering whether to reopen discovery, the court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* After considering the above-mentioned factors, the court finds that plaintiff's request to depose Mr. Satin should be granted. First, trial in this case is more than two months away. There is ample time for plaintiff to depose Mr. Satin before trial. Second, although defendant opposes the request, defendant's refusal to produce Mr. Satin after the close of discovery is disingenuous. According to the record, discovery closed October 1, 2005. In September 2005, before discovery closed, defendant represented to plaintiff that Mr. Satin would not be a witness at trial. Relying on defendant's representations, plaintiff did not request to depose Mr. Satin. And defendant did not file Mr. Satin's affidavit to support its summary judgment motion or disclose him as a witness until after the close of discovery. Defendant's late designation of Mr. Satin hindered plaintiff's decision and ability to depose Mr. Satin before discovery closed. Moreover, the parties took multiple depositions after the close of discovery. Third, any prejudice to defendant by having to produce Mr. Satin is outweighed by the prejudice plaintiff will suffer if it is not allowed to depose Mr. Satin before trial.

-2-

Fourth, neither party was diligent in conducting discovery within the court's deadlines—the parties deposed witnesses and defendant disclosed that Mr. Satin would be a trial witness after the close of discovery. Fifth, additional discovery was foreseeable because the parties requested the court to extend the discovery deadline and continued with discovery even after the court's amended discovery deadlines. Finally, Mr. Satin's deposition is likely to lead to relevant information as defendant plans to call him as a witness at trial. After considering the applicable law and reviewing the record, the court finds that defendant must produce Mr. Satin for deposition.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Bar Richard Satin from Testifying at Trial Or, in the Alterative, to Compel Deposition (Doc. 186) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant shall produce Mr. Satin for deposition before October 20, 2007.

Dated this 21st day of September 2007, at Kansas City, Kansas**.**

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**