**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JOHN McCLELLAND & ASSOCIATES, INC.,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **No. 04-2545-CM** |
| **MEDICAL ACTION INDUSTRIES, INC.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff John McClelland & Associates, Inc., a former independent sales representative for defendant Medical Action Industries, Inc., brings this action for breach of oral contract, unjust enrichment, and quantum meruit. The trial in this case is set for November 26, 2007. This matter is before the court on Plaintiff's Motion to Reconsider the Court's Denial of Motion to Bar Evidence Regarding Plaintiff's Mitigation Efforts (Doc. 181).

On June 15, 2007, the court ruled on the parties' motions in limine. In support of its motion in limine to exclude evidence regarding plaintiff's mitigation efforts (Doc. 134), plaintiff argued that it had no duty to mitigate its damages because the claim was a contractual commission claim. Plaintiff cited no authority for its position. When denying plaintiff's motion, the court recognized that mitigation of damages is a well-established affirmative defense to breach of contract claims under Kansas law, and that plaintiff's attempt to distinguish this case from a general breach of contract case was unpersuasive.

Plaintiff now requests that the court reconsider its previous ruling, arguing that the court's ruling was "clearly erroneous." Whether to grant or deny a motion for reconsideration is committed

to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1998). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted). But "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998).

In its most recent motion, plaintiff cites cases to support its arguments. But plaintiff could have raised these arguments and relied on these cases in its original motion. The court will not reconsider plaintiff's previous motion just because plaintiff failed to present all of its arguments and authority in its prior motion. In any event, those cases are not binding on this court. After reviewing the record, the court finds that its previous ruling was not clearly erroneous. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider the Court's Denial of Motion to Bar Evidence Regarding Plaintiff's Mitigation Efforts (Doc. 181) is denied.

Dated this day of September 2007, at Kansas City, Kansas**.**

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**